UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-21285-CV-WILLIAMS

BLACK SIX LLC,

    Plaintiff,

v.

ALL AMERICAN REFINERY, INC, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on former Chief Magistrate Judge Jonathan Goodman's Report and Recommendations ("***Report***") on Plaintiff's Motion for Entry of Default Judgment (DE 28) ("***Motion for Default Judgment***").[1] In the Report, Judge Goodman recommends that the Motion be denied without prejudice. (DE 30 at 2). Specifically, the Report finds that Plaintiff alleges that Defendant Island L.P. Gas Services, Inc. ("***Island***") has two principal places of business, Hawaii and Mississippi, preventing the Court from "knowing which location is Island's principal place of business" and "determin[ing] whether service was proper under that state's procedural rules." (*Id.* at 6); *see also McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1346 n.5 (S.D. Fla. 2017) (noting that "a corporation can have only one *principal* place of business"). The Report further finds that Plaintiff "insufficiently illustrated how it properly served Defendants," preventing Judge Goodman from analyzing personal jurisdiction, because "the docket does not indicate that an amended summons was

---

[1] This is technically Plaintiff's third motion for default judgment. *See* (DE 16; DE 17; DE 28).

issued to Defendants in connection with the Amended Complaint" and neither affidavit of service docketed by Plaintiff "details which materials were supposedly sent to Defendants and what kind of information they included." (*Id.* at 8–9). Finally, the Report recommends dismissing the Amended Complaint without prejudice as a shotgun pleading because each count "repeats and realleges with the same force and effect as if fully set forth herein the allegations contained in all of the preceding paragraphs." (*Id.* at 10 (citing DE 23 ¶¶ 61, 74, 88, 99, 106)).

Plaintiff filed Objections to the Report (DE 31) ("**Objections**"), in which it requests the Court not adopt the Report's description of the Amended Complaint as a shotgun pleading because neither Judge Goodman nor the Court noted this issue when denying Plaintiff's first motion for default judgment on Plaintiff's original Complaint, despite that Complaint containing the same incorporation language. (DE 31 at 1–2). Alternatively, the Objections request the Court adopt the Report's conclusion but declare that "aside from the pleading-related defects raised in the Report, there are, at least at this juncture, no other pleading-related defects the Plaintiff is obligated to cure in order to be eligible for entry of default judgment in this matter." (*Id.*) In short, Plaintiff does not argue that the Report's characterization of the Amended Complaint as a shotgun pleading is incorrect but wishes the Court to have streamlined Plaintiff's process for obtaining default judgment and to do so moving forward.[2] "Plaintiff does not object to the balance of the Report." (*Id.* at 2).

The Objections also request that Plaintiff be given at least thirty days to file a

---

[2] The Court declines to pre-commit to granting a future motion for default judgment filed for a future, theoretical second amended complaint, which corrects the pleading defects noted by the Report. As with all pleadings and requests for relief, any future motion for default judgment will be considered in light of all relevant procedural and substantive law.

second amended complaint, obtain new summonses, and obtain updated affidavits of service. (*Id.* at 2). Finally, Plaintiff requests leave to serve Defendants by email as an alternative to service by process server. (*Id.*). With regard to Plaintiff's request to serve by email, the Court notes that "affirmative requests for relief must be made in independent motions, not buried in a legal memorandum." *Basulto v. Netflix, Inc.*, No. 22-21796-CIV, 2022 WL 17532279, at *2 (S.D. Fla. Dec. 8, 2022). Plaintiff also provides no authority to support this request. The Court will not address Plaintiff's slapdash request, but Plaintiff may file a proper motion requesting relief based on Plaintiff's difficulties effectuating service of process.

The Court conducted a *de novo* review of the portions of the Report to which Plaintiff objected and a review of the remainder of the Report for clear error. Upon careful review of the Report, the Objections, the Motion, the record, and the applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 30) is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Default Judgment (DE 28) is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff's Amended Complaint (DE 23) is **DISMISSED WITHOUT PREJUDICE.**

4. Plaintiff may file a **FINAL** second amended complaint on or before **November 5, 2025** to cure the jurisdictional and shotgun-pleading defects identified in the Report. If Plaintiff chooses to file a second amended complaint, Plaintiff shall effect service of process and file proof of service of the second amended complaint on all Defendants on or before

**December 3, 2025**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>22nd</u> day of October, 2025.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE